UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ISABEL MANZO,

                Plaintiff,

  -against-

SOVEREIGN MOTOR CARS, LTD.,
EDWARD FELDMAN, and JACK
MATALON,

                Defendants.
-----------------------------------------------------------x

Docket No.
08 CV 1229 (JG) (JO)

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS AND
JURY VERDICT SHEET**

## REQUESTED PRELIMINARY INSTRUCTIONS

### Opening Instructions

MEMBERS OF THE JURY:

    We are about to begin the trial of the case you heard about during jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

    During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Isabel Manzo. The parties being sued are called the defendants. In this action, the defendants are Sovereign Motor Cars, Ltd., Edward Feldman, and Jack Matalon.

    The plaintiff has the burden of proof, so she has the opportunity to present her case first, then the defendants are given their opportunity. It is very important for you to keep an open mind until you have heard all the evidence and are instructed by me regarding the law.

    You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

    When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

    When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

    By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner amongst yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the Courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

### Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

### Evidence in the Case

The evidence in the case will consist of the sworn testimony of the witnesses, no matter who called a witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open Court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider each witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

14

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

### Weighing The Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

### Order of Trial

When I finish these preliminary remarks, we will begin the trial.

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

Second, plaintiff will present evidence in support of her claims and the defendants' lawyer may cross-examine the witnesses. The defendants may, but are not required, to introduce evidence and the plaintiff may cross-examine the witnesses. The defendants in this case, for purposes of efficiency, may question their own witnesses when the plaintiff calls them to testify and the plaintiff's and defendants' cases may be presented at the same time. This will be done to more efficiently use your and the Court's time and should not be seen by you as any sort of concession by the defendants that the plaintiff has proved her case.

Third, the parties may present closing arguments explaining what they believe the evidence has shown and as to the inference which they contend you should draw from the evidence. What is said in the closing arguments, just as what is said in opening statements, is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

### REQUESTED INSTRUCTIONS AFTER THE EVIDENCE HAS BEEN PRESENTED

### Introductory Remarks

Members of the jury, you are about to enter your final duty, which is to decide the fact issues in this civil case. Before you do that, I will instruct you on the law.

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has

been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any legal rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

### Role of the Jury

Your role, as I have earlier said, is to consider and decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. In this connection, remember that a question put to a witness is never evidence. Only the answer is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers', and not mine -- that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff or the defendants have presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses. It is critically important that you understand that I wish to convey absolutely no opinion as to the verdict you

should render in this case, and that even if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party, and without regard to what the reaction of the parties or the public to your verdict may be. I will later discuss with you how to pass upon the credibility of witnesses.

## Burden of Proof

As this is a civil case, plaintiff has the burden of proving her claim and damages by a preponderance of the evidence. This means that plaintiff has the burden of proving by a preponderance of the evidence each and every disputed element of her hostile work environment, her retaliation claims, and her damages. If you find that plaintiff has failed to establish each element of each one of her claims by a preponderance of the evidence, you must decide against her on the issues you are considering. If she proves the elements of her case, the burden shifts to the defendant to prove their defenses, that they properly responded to plaintiff's one harassment claim and that they can state a legitimate, nondiscriminatory reason for plaintiff's termination. The final burden then shifts to plaintiff to prove that the defendants' stated reasons are false and a pretext for discrimination and retaliation.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its persuasiveness, the weight and the effect that it has on your minds. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

This concept of a preponderance of the evidence is often illustrated with the idea of scales. You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring the defendants. If the scales tip toward the plaintiff because plaintiff's evidence is weightier, you must find in plaintiff's favor. But if the scales are evenly balanced, or if they tip in defendants' favor, then you must find for the defendants. Remember, plaintiff has the burden of proof on her claim, and defendants have the burden of proof on their defenses.

Some of you no doubt have heard of "proof beyond a reasonable doubt," which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does not have to satisfy that requirement, and you should put it out of your mind.

## Evidence/What is Not Evidence

The evidence from which you are to decide what the facts are consists of:

1. the sworn testimony of witnesses, on both direct and cross-examination, including by deposition, regardless of who called the witness;
2. the documents and exhibits which have been received into evidence;
3. any facts to which all the lawyers have agreed or "stipulated"; and

   4.   any fact which I have instructed you to accept as true.

Nothing else is evidence -- not what the lawyers say, not what I say, and not anything you heard outside the courtroom.

Some of the testimony before you is in the form of deposition (transcript) which has been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Direct and Circumstantial Evidence**

Generally speaking, there are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through her or her own senses -- in other words, something seen, felt, touched, heard, or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Here is a simple example of circumstantial evidence:

   Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

It is for you to decide whether a fact has been proven by circumstantial evidence. In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense, and your experience.

**Inference**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

Keep in mind that the mere existence of an inference does not relieve the plaintiff of the burden of establishing her case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in her favor, you must still believe from the credible evidence that the plaintiff has sustained the burden cast upon her. If the plaintiff has failed, then your verdict must be for the defendants. If you should find that all of the evidence is evenly balanced, then the plaintiff has not sustained her burden of proof and your verdict should be for the defendants.

If, and only if, you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then she has met her burden of proof.

**Credibility of Witnesses**

You have had the opportunity to observe the live witnesses. It is now your job to decide how believable each witness was in her or her testimony. You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color her or her testimony.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. As the sole

judges of the facts, you must decide which of the witnesses you will believe, what portion of the testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size a witness up in light of her or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of her or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness' interest has affected her or her testimony.

### Nature of the Discrimination Claim

In this case, plaintiff claims that the defendants subjected her to a hostile work environment, severe and pervasive conduct that altered the terms and conditions of her employment, and, that a decision to terminate her employment was made in retaliation for her May 15, 2007 complaint of the alleged hostile work environment. The defendants: deny that plaintiff was subjected to hostile work environment; state that on the one occasion that plaintiff complained about Mr. Matalon, the defendants reasonably and promptly took action to address plaintiff's alleged concerns; and, state that plaintiff's claims are undermined by the fact that she failed to take advantage of Sovereign Motor Cars' offer to transfer her. Defendants also deny that plaintiff was terminated because of her May 15, 2007 complaint, and state that plaintiff's at-will employment was terminated due to the numerous contract errors that plaintiff made during her probationary period of employment, which cost Sovereign Motor Cars several thousand dollars and damaged its reputation with its clients and lender.

The burden of proof in this case rests with the plaintiff. It is the plaintiff who must meet her burden of proof. The plaintiff must prove that: (1) she was subjected to a hostile work environment that altered the terms and conditions of her employment; (2) she exercised reasonable care and promptly notified her employer of any alleged harassing conduct; (3) she took advantage of any corrective opportunities provided by Sovereign Motor Cars such as a transfer; (4) her termination was made in retaliation for her May 15, 2007 complaint of the alleged hostile work environment rather than for performance issues; and, (5) the defendants' non-discriminatory reasons for its decision to terminate plaintiff's employment are false and a pretext for its intentional retaliation

against plaintiff. The issue is not whether you consider the defendants' employment decisions right or wrong from a business standpoint. An employer is entitled to make an employment decision for a good reason, a bad reason, or for no reason at all so long as the decision is not motivated by unlawful discrimination. You must not second guess that decision or permit any sympathy for plaintiff to lead you to substitute your own judgment for that of the defendants, even though you may not favor the action taken or would have acted differently under the circumstances.

### Hostile Work Environment

In order for plaintiff to establish her hostile work environment claims against the defendants, plaintiff has the burden of proving by a clear preponderance of the evidence that she was subjected to a hostile work environment, severe and pervasive conduct that altered the terms and conditions of her employment. The mere fact that plaintiff was subjected to unwanted or harassing behavior is not sufficient in and of itself to establish plaintiff's claims under the law.

To establish plaintiff's burden of proof under Federal law, the plaintiff has the burden of establishing that: (1) her workplace was so permeated with discriminatory intimidation that was so severe or pervasive as to alter the conditions of her work environment; and, (2) a specific basis exists for imputing the conduct that created the hostile environment to the employer. If you find that plaintiff has not met this initial burden, you must go no further and find for the defendants on plaintiff's Federal hostile work environment claim.

To establish plaintiff's burden of proof under City law, the plaintiff has the burden of establishing by a preponderance of the evidence that: (1) she was treated less well than any other employee specifically because of her gender; and, (2) a specific basis exists for imputing her treatment to the employer. If you find that plaintiff has not met this initial burden, you must go no further and find for the defendants on plaintiff's City hostile work environment claim.

If plaintiff does satisfy her burden as to her hostile work environment claim, your consideration of the evidence does not end. You must also consider whether Sovereign Motor Cars: (a) exercised reasonable care to prevent and promptly correct any harassing behavior; and, (b) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sovereign Motor Cars or to avoid harm otherwise. If you determine that defendants did exercise reasonable care to prevent and promptly correct any harassing behavior, and, that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sovereign Motor Cars or to avoid harm otherwise, then you must decide in favor of defendants.

### Retaliation

In order for plaintiff to establish her retaliation claims against the defendants, plaintiff has the burden of proving by a clear preponderance of the evidence that: (1) she engaged in an activity protected by Federal and City statutes; (2) defendants were aware of such activity; (3) an adverse employment action occurred; and, (4) her employment was terminated because of her engagement in a protected activity.

If plaintiff does satisfy her burden as to her retaliation claim, your consideration of the evidence does not end. The burden shifts to defendants to state a legitimate non-discriminatory reason for plaintiff's employment termination.

If defendants state a non-discriminatory reason for plaintiff's employment termination, the plaintiff must then prove that the defendants' proffered reason was false and the true reason for plaintiff's employment termination was in fact because she complained about an alleged hostile work environment. If plaintiff fails to prove that the defendants' proffered reasons for its decision to terminate her employment were a pretext for retaliation, you must decide in favor of defendants.

### Liability of Defendant Sovereign Motor Cars

Plaintiff has brought her claim against Defendant Sovereign Motor Cars as her former employer. You should consider and decide this case not based upon sympathy but on the facts. The Defendant Sovereign Motor Cars is entitled to the same fair trial as a private individual. All persons, including the Defendant Sovereign Motor Cars, stand equal before the law, and are to be treated as equals.

Sovereign Motor Cars can only act through its employees or agents. To establish liability against Sovereign Motor Cars, plaintiff must prove, by a preponderance of the evidence, that one or more of its employees, which would include defendants Feldman and Matalon, was motivated by plaintiff's May 15, 2007 complaint in reaching the decision to terminate plaintiff's employment.

### Liability of Individual Defendants

Defendants Feldman and Matalon can be held individually liable for unlawful discrimination only if plaintiff first proves that Sovereign Motor Cars unlawfully discriminated against her in violation of New York City law. In order to hold defendants Feldman and/or Matalon individually liable for unlawful discrimination, plaintiff must also prove that defendants Feldman and/or Matalon intended to discriminate and participated in the unlawful discrimination by aiding, abetting, inciting, compelling, or coercing the unlawful discrimination.

### Damages - Effect of Instruction as to Damages

The fact that you are being instructed as to the proper measure of damages should not be considered by you as suggesting any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of plaintiff. You may or may not award damages to plaintiff. That is for you to decide.

### Compensatory Damages

The fact that I will now instruct you on damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case. Instructions concerning damages are given for your guidance in the event that you should find that plaintiff has met her burden of proof by a preponderance of the evidence presented and the rules of law I have given you. If plaintiff has proven her claim against

22

defendants by a preponderance of the evidence, then you must determine the damages, if any, to which she is entitled. If you decide that plaintiff has not proven any of her claims by a preponderance of the evidence, then you must find in favor of the defendants. Only if you decide that plaintiff has prevailed based on the legal principles as I have stated them to you, are you to consider the measure of damages.

The plaintiff can only recover for the mental and emotional distress, if any, that she proves, by a preponderance of the evidence, was caused by the discriminatory conduct of the defendants. If you find that the plaintiff has proved that she suffered mental or emotional distress, and that the distress was caused by the unlawful discrimination, you must fix that amount of damages that will, as much as money can, fairly compensate the plaintiff for such injuries. The purpose of such an award is to compensate the plaintiff for the actual mental or emotional injuries she suffered, if any, as a direct result of the discrimination that you find occurred.

To recover damages for mental and emotional distress, the plaintiff must present credible testimony with respect to the claimed mental anguish and corroboration, either by competent medical proof or by the circumstances of the case. The damages that you award must be fair compensation to plaintiff, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which plaintiff has actually suffered.

In considering whether plaintiff is entitled to an award of compensatory damages, you may not award damages for back or front pay or benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. Distress arising from this lawsuit or legal expenses incurred in this lawsuit must also not be included in these damages.

You should consider the following types of compensatory damages, and no others: the amount of damages, if any, that plaintiff is entitled to receive as compensation for the past pain and suffering, mental anguish, and shock and discomfort, if any, that she has suffered because of defendants' alleged conduct. The term "mental anguish" implies a relatively high degree of mental pain and distress. To recover mental pain and anguish damages, plaintiff must show a specific injury to her emotional state, proven by evidence regarding the nature and extent of the harm. Hurt feelings, anger, and frustration are part of life, and are not the types of harm that can support a mental pain and anguish award. Emotional harm should not be presumed on a finding that plaintiff suffered a discriminatory act. The existence, nature, and severity of emotional harm must be proved, by a preponderance of the evidence. Conclusory statements that an individual has suffered emotional distress are not sufficient to support an award for mental anguish.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

3816013.6

### Punitive Damages

Plaintiff also seeks punitive damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in clearly reprehensible conduct. If you find that defendants intentionally discriminated against plaintiff, the law allows you, but does not require you, to award punitive damages. The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same.

You may award punitive damages only if you find from a preponderance of the evidence that defendants engaged in intentional discrimination with malice or with reckless indifference to the rights of plaintiff. Malice and reckless indifference refer to the defendants' state of mind that it may be acting in violation of the law, not their awareness that it is engaging in discrimination. An act is done maliciously if it is prompted or accompanied by ill will or spite toward plaintiff. Plaintiff may also establish malice if she demonstrates by a preponderance of the evidence that defendants engaged in egregious or outrageous misconduct directed at her. An act is done with reckless indifference if it is done in reckless disregard of plaintiff's rights.

If you determine that defendants' conduct justifies an award of punitive damages, you may award an amount of punitive damages that all jurors agree is proper. In fixing the amount, you should consider the following questions: How offensive was the misconduct? What amount is needed, considering defendants' financial condition, to prevent future repetition? Does the amount of punitive damages have a reasonable relationship to the actual damages awarded?

If you decide to assess punitive damages against one or more of the defendants then, after the verdict is read, the parties will present additional evidence for you to consider in determining the appropriate amount of punitive damages.

### Mitigation of Damages

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the preponderance of the evidence that plaintiff failed to seek out employment or take advantage of any other opportunities that were reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

### No Need To Consider Damages

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.

### Right to See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read, you may also request that. Please remember that if you do ask for testimony, the reporter must search through her or her notes and the lawyers

must agree on what portions of testimony may be called for, and if they disagree, I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your requests for testimony - - in fact any communication with the Court - - should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issues until after a verdict is reached.

### Duty to Deliberate/Verdict

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether plaintiff has sustained her burden of proof on her claim as I have explained it to you with respect to each element of that claim. If you find that plaintiff has succeeded on her claim, you should return a verdict in her favor. If you find that plaintiff failed to sustain her burden on any element of her claim or that defendants have sustained their burden on their defense, you should return a verdict in favor of defendants.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Every juror should be heard. No one juror should hold the center stage in the jury room, and no one juror should control or monopolize the deliberations. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

### Selection of Foreperson

Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, she or she will notify the Marshal that the jury has reached a verdict.

### Return of Verdict

I will give you a verdict sheet/form to be filled in by the jury. The purpose of the questions on the form is to help us - - the Court, and counsel for plaintiff and defendants - - to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did it would not be binding on you.

Before the jury attempts to answer any question you should read the entire set of questions, and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the verdict sheet/form I am giving you. Remember, all answers must be unanimous.

## Closing Comment

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse, you should treat each other with courtesy and respect during your deliberations.

After you have reached a verdict, your foreperson will fill in the verdict sheet/form that has been given to you, sign and date it (and have each of you sign it) and advise the Marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict, which is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

I thank you for your time and attentiveness.

**THE HONORABLE JOHN GLEESON**
**UNITED STATES DISTRICT JUDGE**

## PROPOSED JURY VERDICT FORM

### Part I – Federal Hostile Work Environment Claim

1. Has plaintiff proven by a clear preponderance of the evidence that her workplace was permeated with discriminatory conduct that was so severe or pervasive to alter the conditions of her work environment?

    Yes _____    No _____

    a. **If you have answered "NO", disregard all further questions in Part I and proceed to Part II, question 5.**

    b. **If you have answered "YES", proceed to the next question.**

2. Has plaintiff proven by a clear preponderance of the evidence that a specific basis exists for imputing the conduct that created the hostile environment to Sovereign Motor Cars?

    Yes _____    No _____

    a. **If you have answered "NO", disregard all further questions in Part I and proceed to Part II, question 5.**

    b. **If you have answered "YES", proceed to the next question.**

3. Have defendants proven by a clear preponderance of the evidence that: (a) Sovereign Motor Cars exercised reasonable care to address any complaint plaintiff made to it regarding any alleged harassing behavior; and, (b) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sovereign Motor Cars to address her concerns?

    Yes _____    No _____

    a. **If you have answered "YES", disregard all further questions in Part I and proceed to Part II, question 5.**

    b. **If you have answered "NO", proceed to the next question.**

4. What amount of damages, if any, do you award to plaintiff for her Federal hostile work environment claim?

    $ _____

    a. **Proceed to the next question.**

### Part II – City Hostile Work Environment Claim

5. Has plaintiff proven by a clear preponderance of the evidence that she was treated less well than any other employee specifically because of her gender?

    Yes _____    No _____

    a. **If you have answered "NO", disregard all further questions in Part I and proceed to Part III, question 11.**

27

3816013.6

      b. **If you have answered "YES", proceed to the next question.**

6. Has plaintiff proven by a clear preponderance of the evidence that a specific basis exists for imputing treatment of her to Sovereign Motor Cars?

                Yes _____  No _____

      a. **If you have answered "NO", disregard all further questions in Part I and proceed to Part III, question 11.**

      b. **If you have answered "YES", proceed to the next question.**

7. Have defendants proven by a clear preponderance of the evidence that: (a) Sovereign Motor Cars exercised reasonable care to address any complaint plaintiff made to it regarding any alleged harassing behavior; and, (b) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sovereign Motor Cars to address her concerns?

                Yes _____  No _____

      a. **If you have answered "YES", disregard all further questions in Part II and proceed to Part III, question 11.**

      b. **If you have answered "NO", proceed to the next question.**

8. Has plaintiff proven by a clear preponderance of the evidence that defendant Feldman intentionally participated in unlawful discrimination by aiding, abetting, inciting, compelling, or coercing unlawful discrimination?

                Yes _____  No _____

      a. **Proceed to the next question.**

9. Has plaintiff proven by a clear preponderance of the evidence that defendant Matalon intentionally participated in unlawful discrimination by aiding, abetting, inciting, compelling, or coercing unlawful discrimination?

                Yes _____  No _____

      a. **If you have answered "NO" to both questions 8 and 9, disregard all further questions in Part II and proceed to Part III, question 11.**

      b. **If you have answered "YES" to either question 8 or 9, proceed to the next question.**

10. What amount of damages, if any, do you award to plaintiff for her City hostile work environment claim?

                $_____

      a. **Proceed to the next question.**

## Part III—Federal and City Retaliation Claims

11. Has plaintiff proven by a clear preponderance of the evidence that defendants terminated her employment because she complained about Mr. Matalon's interactions with her?

3816013.6

     Yes \_\_\_   No \_\_\_

 **a. If you have answered "NO", disregard all further questions in Part III and inform the Marshall that you have reached a verdict.**

 **b. If you have answered "YES", proceed to the following question.**

12. Have defendants stated legitimate, nondiscriminatory business reasons for their decision to terminate plaintiff's employment, namely, plaintiff's contract errors that resulted in losses of several thousand dollars to Sovereign Motor Cars and damaged Sovereign Motor Cars' reputation with its clients and lender?

     Yes \_\_\_   No \_\_\_

 **a. If you have answered "NO", disregard all further questions in Part III and inform the Marshall that you have reached a verdict.**

 **b. If you have answered "YES", proceed to the following question.**

13. Has plaintiff proven by a clear preponderance of the evidence that defendants' stated reasons for her termination were a pretext for discrimination, i.e., that defendants' stated reasons were not the real reasons and that the real reason was retaliation?

     Yes \_\_\_   No \_\_\_

 **a. If you have answered "NO", disregard all further questions in Part III and inform the Marshall that you have reached a verdict.**

 **b. If you have answered "YES", proceed to the following question.**

14. Has plaintiff proven by a clear preponderance of the evidence that defendant Feldman intentionally participated in retaliation by aiding, abetting, inciting, compelling, or coercing retaliation?

     Yes \_\_\_   No \_\_\_

 **a. Proceed to the next question.**

15. Has plaintiff proven by a clear preponderance of the evidence that defendant Matalon intentionally participated in retaliation by aiding, abetting, inciting, compelling, or coercing retaliation?

     Yes \_\_\_   No \_\_\_

 **a. If you have answered "NO" to both questions 16 and 17, disregard all further questions in Part III and inform the Marshall that you have reached a verdict.**

 **b. If you have answered "YES" to either question 16 or 17, proceed to the next question.**

16. What amount of damages, if any, do you award to plaintiff for her retaliatory discharge claims?

     $ _____

INFORM THE MARSHAL THAT YOU HAVE REACHED A VERDICT.